UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-833-FDW

| | |
|---|---|
| ROBERT PHARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (Doc. No. 9). The time for Plaintiff to file a response has passed. For the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss.

On January 29, 2015, an administrative law judge ("ALJ") denied Plaintiff's claim for benefits under the Social Security Act (Doc. No. 10-1, ¶ 3(a)), and on May 4, 2016, the Appeals Council denied Plaintiff's request for review (Doc. No. 1, ¶ 2). Plaintiff filed his complaint with this Court on December 7, 2016. (Doc. No. 1). On the same day, Plaintiff's counsel filed a request with the Appeals Council for an extension of time to file the complaint, explaining that his filing was late because his computer system was not set to remind him about the deadline. (Doc. No. 10-1, Exh. 4). The Appeals Council denied Plaintiff's request for additional time for failure to show good cause. Defendant has now filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiff's Complaint was untimely. Plaintiff did not file a response, which was due by March 13, 2017.

Plaintiff has the burden of establishing the existence of subject matter jurisdiction. <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999). Under 42 U.S.C. § 405(g), which provides the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act, an individual may seek review of a final decision of the Commissioner of Social Security "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." <u>See also</u> 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977) (explaining that Congress intended "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits.").

Here, the Appeals Council sent a notice to Plaintiff and his representative on May 4, 2016,[1] which gave Plaintiff until July 8, 2016, to commence a civil action. Plaintiff, however, did not file his complaint until December 7, 2016, and the Appeals Council denied his request for an extension of time. Given Plaintiff's failure to respond to the instant motion to dismiss, Plaintiff has presented no circumstances to justify equitable tolling of the sixty-day limitation. <u>See Bowen v. City of N.Y.</u>, 476 U.S. 467, 480 (1986) ("While in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." (citation and quotation marks omitted)).[2] Accordingly,

---

[1] Plaintiff and his representative are presumed to have received that notice five days later on May 9, 2016. <u>See</u> C.F.R. §§ 404.901, 416.1401. In any case, Plaintiff has not challenged receipt of the notice.

[2] The Court agrees with the finding of the Appeals Council that Plaintiff's counsel's failure to set reminders on his computer does not constitute good cause for an extension of time.

because Plaintiff filed his complaint in this case well beyond the sixty-day limitation, the Court grants Defendant's Motion to Dismiss.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss (Doc. No. 9) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to refile with sufficient facts to establish subject matter jurisdiction.

IT IS SO ORDERED.

Signed: April 4, 2017

Frank D. Whitney
Chief United States District Judge